UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD BISSON,         )<br>                               )<br>          Plaintiff         )<br>                               )<br>v.                           )<br>                               )<br>MICHAEL J. ASTRUE,   )<br>Commissioner of Social Security, )<br>                               )<br>          Defendant       ) | Civil No. 08-182-P-S |

### RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES

The plaintiff, who prevailed before the commissioner following remand of this Social Security benefits case, moves pursuant to 42 U.S.C. § 406(b) for an award of attorney fees in the amount of $17,505.85.  Plaintiff's Motion for Award of § 406(b) Fees ("Motion") (Docket No. 14).  The plaintiff signed a contingent-fee agreement with his current counsel's law firm that provided, *inter alia*, that he would pay the firm 25 per cent of the total amount of any past-due benefits awarded to him.  Contingent Fee Agreement for Representation Before the Court with the Law Firm of Jackson & MacNichol (Exh. 2 to Motion) ¶ 3(A).  His counsel filed with this court an appeal from the commissioner's denial of his application on June 5, 2008.  Docket No. 1.  On October 7, 2008, the commissioner's unopposed motion to remand the case to the Social Security Administration was granted.  Docket No. 8.

The plaintiff received an award of benefits after the remand.  The commissioner withheld from the plaintiff's past-due benefits and paid to the plaintiff's attorney $6,000 for his work under the fee agreement.  Social Security Administration Retirement, Survivors, and Disability

1

Insurance Notice of Award (Exh. 1 to Motion) at [2]. The attorney now seeks a total of $23,505.85 pursuant to section 406(b) and the fee contract, representing twenty-five percent of the total award of past-due benefits. The commissioner is holding the $17,505.85 balance of the contingent-fee amount pending resolution of this motion. *Id*.

The plaintiff's attorney has submitted an itemized statement of the work he performed on this case, showing a total of 9.0 hours. Exh. 3 to Motion.

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under [the subchapter applicable to the plaintiff's claim in this case] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

The commissioner does not oppose the requested award, because the plaintiff himself requests that the award be made in that amount, Exh. 4 to Motion, and because he has determined that the plaintiff's claimed mental impairment does not deprive him of the capacity to comprehend the nature or amount of the award sought. Defendant's Response to Plaintiff's Motion for Award of § 406(b) Fees ("Response") (Docket No. 15) at 2 & n.2. The money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, and the court has an independent duty to satisfy itself that a section 406(b) contingency fee is "reasonable." *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[S]ection 406(b) calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Generally speaking, reduction in the amount that otherwise would be payable pursuant to a contingent-fee agreement between a claimant and attorney is appropriate to the extent that (i)

counsel's conduct or representation is substandard, or (2) the attorney fee award is large in relation to the amount of time counsel spent on the case, thereby resulting in a windfall to counsel. *See id.* at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989).

In this case, the first alternative is not implicated. Ordinarily, I would find that the second alternative is very much at issue in this case, given the effective hourly rate requested of $1,943.09 ($17,505.85 ÷ 9 hours). However, the plaintiff's handwritten statement convinces me, as it did the commissioner, that this award is what the plaintiff wants and that his decision is fully informed. In addition, the circumstances of counsel's engagement herein and the result obtained are unique. As counsel notes, he

> [T]ook this case at the last moment at a time when it was deemed hopeless by prior counsel and achieved [an excellent] result, leading to an award which will amount to an additional $220,000.00, for total benefits of over $300,000.00 by the time Mr. Bisson reaches age 66. In contrast, had counsel not successfully brought this action the only benefits Mr. Bisson could have received would have been benefits reduced to only 70 percent as of age 62 which election would also have limited Mr. Bisson to reduced ongoing benefits for the rest of his life.

Motion at 5-6.

As counsel for the plaintiff acknowledges, Motion at 3, upon receipt of this fee award he must return to the plaintiff any fee awarded to him or his firm under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in connection with this case. The commissioner states that this amount is $1,250. Response at [2].

For the foregoing reasons, I recommend that the motion be **GRANTED** in the amount of $17,505.85, contingent upon counsel's payment to the plaintiff of $1,250 already received under the Equal Access to Justice Act. If this recommended decision is adopted by the court, it should be limited to the facts of this case.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.   A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 30th day of October, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge
